IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SETH JONES, A MINOR, BY NEXT FRIENDS NORMAN JONES, JR. AND LAURIE JONES, AND NORMAN JONES, JR. AND LAURIE JONES, INDIVIDUALLY, | CIVIL ACTION NO. *15A54257-7* |
| Plaintiffs | |
| v. | |
| STEVE M. COVINGTON, M.D; QUEST DIAGNOSTICS; QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC; ABC PATHOLOGY GROUP; and JOHN DOE, | |
| Defendants. | |

## COMPLAINT

COME NOW, Seth Jones, a minor, by next friends Norman Jones, Jr. and Laurie Jones, and Norman Jones Jr and Laurie Jones, Individually, Plaintiffs in the above-styled case, and shows the Court the following:

1.

Defendant Steve M. Covington, M.D., is a resident of Skagit County, Washington, residing at 14626 Dogwood Lane, Mount Vernon, WA. Dr. Covington, therefore, is subject to the jurisdiction and venue of this Court pursuant to Georgia's long arm statue O.C.G.A. § 9-11-90 *et seq.*

2.

Defendant Quest Diagnostics is a Delaware corporation authorized to transact business in the State of Georgia, and as a joint tortfeasor herein, is subject to the jurisdiction and venue of this Court.

3.



EXHIBIT
A

Defendant Quest Diagnostics Clinical Laboratories, Inc. is a Delaware corporation authorized to transact business in the State of Georgia, and as a joint tortfeasor hearin, is subject to the jurisdiction and venue of this Court.

4.

Defendants ABC Pathology and John Doe are a fictional designations pursuant to O.C.G.A. § 9-11-10(a). Upon ascertaining the proper identities of ABC Pathology and John Doe, this complaint will be amended accordingly.

5.

At all times pertinent to this cause of action, Defendant Steve M. Covington, M.D., was a physician duly licensed under the laws of the State of Georgia and holding himself out to the members of the public generally as a skilled and competent physician.

6.

At all times pertinent to this cause of action Defendant Quest Diagnostics held itself out as being competent, through its agents and employees, in providing diagnostic care involving persons who are ill or are in circumstances requiring medical treatment.

7.

At all times pertinent to this cause of action Defendant Quest Diagnostics Clinical Laboratories, Inc. held itself out as being competent, through its agents and employees, in providing diagnostic care involving persons who are ill or are in circumstances requiring medical treatment.

8.

Plaintiffs show that at all times pertinent to this cause of action, Defendant Steve M. Covington M.D., was an employee, agent, or apparent agent of Defendant Quest Diagnostics and was acting within the scope of his employment/agency.

9.

Plaintiffs show that at all times pertinent to this cause of action, Defendant Steve M. Covington M.D., was an employee, agent, or apparent agent of Defendant Quest Diagnostics Clinical Laboratories, Inc. and was acting within the scope of his employment/agency.

10.

Plaintiffs show that at all times pertinent to this cause of action, Defendant Steve M. Covington M.D., was an employee, agent, or apparent agent of Defendant ABC Pathology and was acting within the scope of his employment/agency.

11.

Plaintiffs show that at all times pertinent to this cause of action, John Doe was an employee, agent, or apparent agent of Defendant Quest Diagnostics, Defendant Quest Diagnostics Clinical Laboratories, Inc., or Defendant ABC Pathology and acting with the scope of his employment/agency.

12.

Plaintiffs show that any negligence on the part of any employee, agent, or servant of Defendant Quest Diagnostics, including but not limited to Steve M. Covington M.D. and John Doe, is imputable to Quest Diagnostics.

13.

Plaintiffs show that any negligence on the part of any employee, agent, or servant of Defendant Quest Diagnostics Clinical Laboratories, Inc., including but not limited to Steve M. Covington M.D. and John Doe, M.D., is imputable to Quest Diagnostics Clinical Laboratories, Inc

14.

Plaintiffs show that any negligence on the part of any employee, agent, or servant of Defendant Quest Diagnostic, including but not limited to Steve M. Covington M.D. and John Doe, M.D., is imputable to ABC Pathology.

15.

Plaintiffs show to the Court that, at all relevant times herein, a patient-doctor relationship existed between Seth Jones and Defendant Steve M. Covington, M.D. and John Doe.

16.

Plaintiffs show to the Court that, at all relevant times herein, a patient-doctor relationship existed between plaintiffs Norman Jones, Jr.,and Laurie Jones and Defendant Steve M. Covington, M.D. and John Doe.

17.

Defendants have caused injuries and other damages to Plaintiffs by reason of their negligent acts as set forth below and are indebted to Plaintiffs in an amount in excess of $10,000.

18.

Plaintiffs show the care and treatment of Seth Jones by Steve M. Covington and/or John Doe, M.D. was not in keeping with the standards of care and skill practiced by physicians in their profession generally under the same or similar circumstances.

19.

On or about January 17, 2013, Seth Jones, who at the time was then only 15-years-old, presented to Dermatologic Surgery Specialists with complaints of a mole on the rear of his right shoulder. A shave biopsy was taken by Jason Cheney, P.A., and the specimen was promptly sent for evaluation to Quest Diagnostics.

20.

On or about January 17, 2013, Seth Jones, who at the time was then only 15-years-old, presented to Dermatologic Surgery Specialists with complaints of a mole on the rear of his right shoulder. A shave biopsy was taken by Jason Cheney, P.A., and the specimen was promptly sent for evaluation to Quest Diagnostics and Quest Diagnostics Clinical Laboratories, Inc.

21.

The above sample was tested and evaluated by Steve M. Covington, M.D. or John Doe. His findings were reported on January 22, 2013.

22.

Dr. Covington's diagnoses of the specimen from Seth Jones was as follows:

The sections show a circumscribed symmetric compound nevus of nevus cells characterized by nests at the dermal-epidermal junction, primarily at the sides and tips of rete ridges, and nests in the underlying dermis, in the dermis, there is prominent extension around adnexal structures and there is splaying of collagen bundles characteristic of congenital nevi. There is no significant cytologic atypia or pagetoid growth and the dermal component shows maturation.

23.

Based on the foregoing interpretation by Dr. Covington, no further action was taken by Mr. Cheney, or any member of Dermatologic Surgery Specialists.

24.

On January 13, 2014, Seth Jones presented to the office of Christopher McLendon, M.D. for evaluation and treatment of a lesion on his right rear shoulder.

25.

On February 7, 2014, the lesion module was biopsied at the request of the office of Dr.

Christopher McLendon, and determined to represent malignant melanoma.

26.

Every named defendant was either individually or by and through its agents, servants and employees jointly or jointly and severally negligent in failing to exercise the degree of care and skill required of them by law which negligence was the direct and proximate cause of the personal injury of Seth Jones.

27.

Pursuant to O.C.G.A. 9-11-9-1, attached hereto as Exhibit "A" is the Affidavit of Darryl Oble, M.D. of who is qualified to testify as an expert in this case, in which affiant sets forth specifically at least one negligent act or omission on the part of Defendants and the factual basis for the same.

28.

As a direct and proximate result of the negligence of the Defendants, Plaintiff Seth Jones has suffered general damages, including but not limited to pain and suffering, the spread of his cancer, the need for additional hospitalization and medical treatments, and a substantially reduced likelihood of survivability. Further, upon attaining majority, Seth Jones will incur and be responsible for special damages in the nature of medical bills and other special damages, including lost wages.

29.

As a direct and proximate result of the negligence of Defendants, Plaintiffs Norman Jones, Jr. and Laurie Jones, as parents of Seth Jones have incurred special damages in the nature of medical expenses that presently have exceeded $1.5 million and other special damages.

30.

Plaintiffs allege both simple and professional negligence.

WHEREFORE, Plaintiff prays for the following:

(a)     Summons be issued requiring the Defendants be served as provided by law and

requiring Defendants to answer the complaint;

(b)     That Plaintiffs have a trial by fair and impartial jury of twelve members;

(c)     That Plaintiffs have and recover general damages against Defendants in a sum in

excess of $10,000;

(d)     That Plaintiffs have and recover special damages against Defendants in a sum to be

determined;

(e)     That the cost of bringing this action be taxed against Defendants;

(f)     And that Plaintiffs have such other and further relief that this Court should deem just

and equitable.

W. CARL REYNOLDS
Ga. Bar No. 601900

BRADLEY J. SURVANT
Ga. Bar No. 692820

Reynolds, Horne & Survant
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

**SERVICE INSTRUCTIONS**

1.  Steve M. Covington, M.D., will be served by private process server at his residence located at 14626 Dogwood Lane, SKAGIT COUNTY, Mount Vernon, WA 98273.

2.  Quest Diagnostics by second original upon its CEO, Stephen H. Ruschowski, or the facility manager located at 1777 Montreal Circle, Tucker, DEKALB COUNTY, Georgia. 30084; and

3.  Quest Diagnostics Clinical Laboratories, Inc. by second original upon its Registered Agent: Corporation Service Company, 40 Technology Parkway South Suite 300, Norcross, GWINNETT COUNTY, Georgia 30092.

Exhibit A

## AFFIDAVIT OF DARRYL OBLE, M.D.

**COMES NOW**, Darrly Oble, M.D. and after being sworn by the undersigned attesting

officer does hereby submit the following Affidavit:

1.

Attached hereto as Exhibit "1" is a copy of the Affiant's curriculum vitae which gives his

background, training and experience.   As set forth therein and otherwise, affiant is duly

licensed, has actual professional knowledge and experience in the area of practice or specialty in

which his opinions are given, and has practiced and/or taught in said area(s) for at least three of

the last five years immediately preceding the date of the acts or omissions set forth herein.

Affiant is a board certified dermatopathologist.   Affiant has particular knowledge and

experience concerning the issues pertinent to this case and has personally evaluated   hundreds of

slides to assess indicia of cancer.     2.

Based upon the Affiant's background, education, training and familiarity with the

standards of medical care in the United States, and his review of the following records:

| | | |
|---|---|---|
| A. | Dermatologic Surgery Specialists | 06/16/09 - 01/17/14 |
| B. | Georgia Cancer Specialists | 03/05/14 - 08/07/14 |
| C. | Renaissance Plastic Surgery | 01/13/14 - 02/24/14 |
| D. | Keith Martin, M.D. | 02/18/14 - 07/11/14 |
| E. | Quest Diagnostics | |
| F. | Ocmulgee Outreach Pathology Service | |
| G. | Coliscum Medical Centers (Dept of Pathology) | |
| H. | Duke Medicine | |



EXHIBIT

B

I.      Slides from Quest Diagnostics 2/13

Affiant submits the following observations and opinions:

**3.**

On January 17, 2013, Seth Jones, then 15-years-old, presented to Dermatologic Surgery Specialists for the evaluation of a mole on the rear of his right shoulder. (He had previously had a lesion removed from the same area in June, 2009) Jason Cheyney, a PA at the practice did a shave biopsy of the lesion of concern.  The sample obtained by Mr. Cheyney was sent to Quest Diagnostics - Atlanta for evaluation.  The specimen taken on January 17, 2013 was interpreted by Dr. Steve M. Covington [or John Doe, M.D.].  Per the transcribed pathology report, the diagnosis by Dr. Covington [or Dr. Doe] was:

> The sections show a circumscribed symmetrical compound nevus of nevus cells
>
> characterized by nests at the dermal-epidermal junction, primarily at side and tips
>
> of rete ridges, and nests in underlying dermis, in the dermis, there is prominent
>
> extension around adnexal structure and there is splaying of collagen bundles
>
> characteristic of congenital nevi. There is no significant cytologic atypia or
>
> pagetoid growth and the dermal component shows maturation.

**4.**

It is the Affiant's opinion that the care and treatment of Seth Jones by Steve M. Covington and John Doe, M.D., was not in keeping with the standards of care and skill practiced by physicians. in their profession generally, under the same or similar circumstances for the following reasons:

A.      The interpretation by Dr. Covington (or John Doe) and relayed to Seth Jones'

        physicians incorrectly conveys the impression that the specimen tested was

entirely benign without any worrisome features (report states that no atypia was present). The specimen evaluated by Dr. Covington (or John Doe) had severe cytological and architectural atypia and was suggestive of melanoma (which the lesion ultimately proved to be). Nevertheless, regardless of the ultimate diagnosis, the observed atypia should have been documented correctly in the report (which would have excluded the diagnostic entity which the pathologist labeled the lesion with), and which would have triggered an immediate re-excision, or at least a discussion with the clinical team about the worrisome nature of the lesion.

B.    The report issued by Dr. Covington (or John Doe) based on his incorrect interpretation of the specimen would have, more likely than not, led to Seth Jones' physicians' not taking any additional samples or conducting any further investigation into the growth on Seth's shoulder. A properly worded report on the biopsy would have conveyed the severe atypia and significant likelihood of melanoma. Furthermore, such a biopsy should have had additional work performed by the pathologist (if the pathologist was unable to make a definitive diagnosis of melanoma based upon the original H&E slide) to further evaluate the lesion (i.e. deeper sections into the paraffin block, imunohistochemical stains, or possibly even molecular diagnostic testing if that proved to be necessary). In my opinion, many pathologists would have made a diagnosis of melanoma based on the original H&E slide alone, given that the atypia was so severe and prominent. However, given the patient's young age and some atypical features of the melanoma, a diagnostic workup as described above would certainly be reasonable in this case to discriminate between melanoma and benign mimickers of

melanoma (recurrent nevus or Spitz nevus) which also share severe atypical features under the microscope. Instead, the report issued by Dr. Covington (or John Doe) misled Seth Jones' physicians into a belief that the lesion was an entirely benign, "run of the mill", congenital pattern nevus (without mention of, or attempting to justify the presence of, the severe atypia) and that Seth needed no further evaluation. The lack of further testing and the rendering of an entirely benign diagnosis (which represents an incorrect classification of the lesion) demonstrates that the atypia was completely missed by the pathologist issuing the diagnostic report.

7.

The breaches in the standard of care on the part of Dr. Steve M. Covington; John Doe, M.D. caused unnecessary delay in the diagnosis and treatment of melanoma and significantly worsened his prognosis.

8.

This Affidavit is given for the limited purposes of identifying at least one negligent act or omission as to Dr. Steve M. Covington ; John Doe, M.D., as required by O.C.G.A. § 9-11-9.1. As such, this Affidavit is not intended to comprehensively set forth all opinions that I may hold regarding the care and treatment of Seth Jones. Further, because the opinions set forth in this Affidavit have been reached without review of the sworn testimony of any witnesses or any other evidence that may be developed through the discovery process in this action, or any records, documents, materials or things potentially pertinent to the care and treatment of Seth Jones other than the records identified above, the said opinions are expressly preliminary in nature. I expressly reserve the right to revise, modify and/or expand on the opinions as set forth in this

Affidavit.

### AFFIANT SO TESTIFIES UNDER OATH.

_____
Darryl Oble, M.D.

Sworn to and Subscribed before me,
this _2_ day of ~~December, 2014~~ JANUARY, 2015

_____
NOTARY PUBLIC
~~My Commission Expires:~~

GRANT R. CLAY
NOTARY PUBLIC
66 ST. ANNE'S ROAD
WINNIPEG, MANITOBA   R2M 2Y5
PH. (204) 982-2050

EXHIBIT I

**Darryl Alan Oble**
University of Manitoba, Dept. of Pathology
820 Sherbrook Street, MS 471L (Thorlakson)
Winnipeg, MB, Canada  R3A 1R9
Phone: (204) 509-4230
Email: umobled@hotmail.com

## Academic Positions

| | |
|---|---|
| 2010 - current | Assistant Professor (Pathology), University of Manitoba |
| 2009 - 2010 | Assistant Professor (Pathology), Loyola University Medical Center |

## Education

| | |
|---|---|
| 2008 - 2009 | Dermatopathology Fellowship, University of Chicago Medical Center |
| 2007 - 2008 | Hematopathology Fellowship, Columbia University, New York Presbyterian Hospital |
| 2004 - 2007 | Anatomic Pathology Residency, Harvard University, Massachusetts General Hospital |
| 1999 - 2004 | Ph.D. (Immunology), University of British Columbia (Supervisor: Dr. Hung-Sia Teh) |
| 1995 - 1999 | Doctor of Medicine, University of Manitoba |
| 1993 - 1995 | Bachelor of Science (Chemistry), University of Winnipeg |
| 1990 - 1993 | Diploma, St. Paul's High School, Winnipeg, Manitoba |

## Honors & Distinctions

| | |
|---|---|
| 2011 | Thorlakson Foundation Research Grant |
| 2010 | Diagnostic Services Manitoba Operating Grant |
| 2009 | University of Chicago Institute for Translational Medicine Small Pilot Award |
| 2006 | American Society of Dermatopathology Mentorship Award, Dr. Alain Spatz, Institut Gustave-Roussy (Paris, France) |
| 2003 – 2004 | Michael Smith Foundation for Health Research Biomedical Trainee Award |
| 2001 – 2003 | Natural Sciences & Engineering Research Council Post Graduate Scholarship B |
| 1999 – 2001 | Natural Sciences & Engineering Research Council Post Graduate Scholarship A |
| 1998 | Saitama Medical School (Japan) Exchange Program Participant; selected on merit of high academic achievement |
| 1995 | Silver Medalist, General Science Program (University of Winnipeg) |
| 1994 | Academic All Canadian, Varsity Football Team (University of Manitoba) |
| 1994 | Award for Outstanding Academic Achievement (University of Winnipeg) |
| 1994 | Academic Proficiency Scholarship (University of Winnipeg) |
| 1993 | Student of Highest Distinction (University of Winnipeg) |
| 1993 | Special Entrance Scholarship (University of Winnipeg) |

## Credentials

Full Medical License for Manitoba

Diplomat, American Board of Pathology, Anatomic Pathology *(valid until December 2018)*

Diplomat, American Board of Pathology, Hematopathology *(valid until December 2018)*

Diplomat, American Board of Pathology, Dermatopathology *(valid until December 2019)*

US Medical Licensing Exam Steps 1, 2 (CS & CK), and 3 *(successfully completed)*

Medical Council of Canada Qualifying Examination Parts I and II *(successfully completed)*

**Darryl Alan Oble**
University of Manitoba, Dept. of Pathology
820 Sherbrook Street, MS 471L (Thorlakson)
Winnipeg, MB, Canada  R3A 1R9
Phone: (204) 509-4230
Email: umobled@hotmail.com

## Publications

### *Book Chapters*

1. **Oble DA**, Dranoff G, Hodi FS, and Mihm MC. Chapter 29: Treg, Chemokines and other Small Molecules: Role in Metastasis and its Prevention (Experiences in Melanoma Immunobiology). *From Local Invasion to Metastatic Cancer: Involvement of Distant Sites through the Lymphovascular System.* (Springer, 2009)

### *Published Articles (total citations: 384 – As of Aug 2014)*

1. **Oble D** and Teh H-S. 2001. Tight Skin Mouse Subcutaneous Hypertrophy can occur in the Absence of $\alpha\beta$ TCR Bearing Lymphocytes. *J Rheumatol.* 28(8):1852-5.

2. Dhanji S, Teh SJ, **Oble D**, Priatel JJ, and Teh H-S. 2004. Self-Reactive Memory-Phenotype CD8 T Cells Exhibit Both MHC-Restricted and Non-MHC Restricted Cytotoxicity: A Role for the T Cell Receptor and Natural Killer Cell Receptors. *Blood.* 104(7):2116-23.

3. **Oble DA**, Burton L, Maxwell K, Hassard T, and Nathaniel EJH. 2004. A comparison of thyroxine- and polyamine-mediated enhancement of rat facial nerve regeneration. *Exp Neurol.* 189(1):105-11.

4. **Oble DA**, Collett E, Hsieh M, Ambjørn M, Law J, Dutz J, and Teh H-S. 2005. A Novel T Cell Receptor Transgenic Animal Model of Seborrheic Dermatitis-Like Skin Disease. *J Invest Dermatol.* 124(1):151-9.

5. Enzler T, Gillessen S, Dougan M, Allison JP, Neuberg D, **Oble DA**, Mihm M, and Dranoff G. 2007. Functional deficiencies of granulocyte-macrophage colony stimulating factor and interleukin-3 contribute to insulitis and destruction of $\beta$ cells. *Blood.* 110(3):954-61.

6. Phung TL, **Oble DA**, Jia W, Benjamin LE, Mihm MC and Nelson JS. 2008. Can the wound healing response of human skin be modulated and the effects of laser exposure extended? Implications on the combined use of the pulsed dye laser and a topically applied angiogenesis inhibitor for treatment of port wine stain birthmarks. *Lasers Surg Med.* 40(1):1-5.

7. Hodi FS, Butler M, **Oble DA**, Seiden M, Haluska FG, Kruse A, MacRae S, Nelson M, Canning C, Lowry I, Korman A, Lautz D, Russell S, Jaklitsch MT, Ramaiya N, Chen TC, Neuberg D, Allison JP, Mihm MC, and Dranoff G. 2008. Immunologic and clinical effects of antibody blockade of cytotoxic T lymphocyte-associated antigen 4 in previously vaccinated cancer patients. *Proc Natl Acad Sci.* 105(8):3005-3010.

8. **Oble DA**, Mino-Kenudson M, Goldsmith J, Seilem RM, Hodi FS, Dranoff G, Mihm MC, Hasserjian R, and Lauwers GY. 2008. $\alpha$-CTLA-4 mAb-associated panenteritis: A histologic and immunohistochemical analysis. *Am J Surg Pathol.* 32(8):1130-7.

9. Hodi FS, **Oble DA**, Drappatz J, Velazquez E, Ramaiya N, Ramakrishna N, Day A, Kruse A, MacRae S, Hoos A, and Mihm MC. 2008. CTLA-4 Blockade Induces Inflammation with

**Darryl Alan Oble**
University of Manitoba, Dept. of Pathology
820 Sherbrook Street, MS 471L (Thorlakson)
Winnipeg, MB, Canada  R3A 1R9
Phone: (204) 509-4230
Email: umobled@hotmail.com

Significant Clinical Benefit in Melanoma Metastases to the Central Nervous System: A Case Report. *Nat Clin Pract Oncol.* 5(9):557-61.

10. **Oble DA**, Loewe R, and Mihm MC. 2009. Focus on TILs: Prognostic Significance of Tumor Infiltrating Lymphocytes in Human Melanoma. *Cancer Immun.* 9:3-23.

11. Lambe JS, **Oble DA**, Nandula SV, Subramaniyam S, Colovai AI, Mansukhani M, Chari A, Murty VV, Alobeid B, and Bhagat G. 2009. KHSV⁻ EBV⁻ Post-transplant Effusion Lymphoma with Plasmablastic Features: Variant of Primary Effusion Lymphoma? *Hematol Oncol* 27(4):203-10.

12. Loewe R, **Oble DA**, Valero T, Zukerberg L, Mihm MC Jr, and Nelson JS.  2010. Stem cell marker upregulation in normal cutaneous vessels following pulsed-dye laser exposure and its abrogation by concurrent rapamycin administration: implications for treatment of port-wine stain birthmarks. *J Cutan Pathol 37(S1):76-82.*

13. Querfeld C, Duffy K, Magel G, **Oble DA**, Cohen EE, and Shea CR. 2011. Disseminated follicular eruption during therapy with the MEK inhibitor AZD6244. *J Am Acad Dermatol. 64(2):e17-9.*

14. Katzman PJ, Murphy SP, and **Oble DA**. 2011 Immunohistochemical Analysis Reveals an Influx of Regulatory T-Cells and Focal Trophoblastic STAT-1 Phosphorylation in Chronic Villitis of Unknown Etiology . *Ped Dev Pathol.* Jul-Aug;14(4):284-93.

15. Katzman PJ, and Oble DA. 2013. Eosinophilic/T-cell chorionic vasculitis and chronic villitis involve regulatory T cells and often occur together. *Ped Dev Pathol.* Jul-Aug;16(4):278-91.

**Supervision**

| | |
|---|---|
| 2011 - 2013 | Mariam Alkhawaja – MSc. (Pathology) |
| 2011 - 2012 | Timo Gosselin – B.Sc. (Medicine) |
| 2011 | Michael Hsu – Volunteer |
| 2011 | Pushpika Karunatilake – Volunteer |
| 2010 | Elisabeth Collett – Volunteer |

**Expert Witness**
2012 - current   CanLNC

**References available upon request**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SETH JONES, A MINOR, BY NEXT )
FRIENDS NORMAN JONES, JR. )
AND LAURIE JONES, AND )
NORMAN JONES, JR. AND )
LAURIE JONES, INDIVIDUALLY, )
                                                      )
                           Plaintiffs,    )
                                                      )        Civil Action File No. 15A54257-7
v.                                                 )
                                                      )
STEVE M. COVINGTON, M.D.; )
QUEST DIAGNOSTICS; QUEST )
DIAGNOSTICS CLINICAL )
LABORATORIES, INC.; ABC )
PATHOLOGY GROUP; AND )
JOHN DOE, )
                                                      )
                           Defendants. )

**ANSWER OF DEFENDANTS STEVE M. COVINGTON, M.D.,
QUEST DIAGNOSTICS, AND QUEST DIAGNOSTICS
CLINICAL LABORATORIES, INC.**

COME NOW Defendants, Steve M. Covington, M.D., Quest Diagnostics, Quest

Diagnostics Clinical Laboratories, Inc. (hereinafter "the Defendants"), and for their

Answer to the Plaintiffs' Complaint show the court the following:

**FIRST DEFENSE**

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

No act or omission on the part of the Defendants proximately caused any of

Plaintiffs' alleged injuries and damages.



### THIRD DEFENSE

At all times material hereto, the Defendants acted reasonably and within all applicable standards of care.

### FOURTH DEFENSE

This action must be dismissed due to Plaintiffs' failure to comply with the expert affidavit provisions found at O.C.G.A. § 9-11-9.1, *et. seq.*

### FIFTH DEFENSE

The injuries and damages complained of by the Plaintiffs were caused by other persons, entities, and/or circumstances beyond the control of the Defendants.  As such, there can be no recovery against the Defendants whatsoever.

### SIXTH DEFENSE

Venue is improper as to the Defendants.

### SEVENTH DEFENSE

Defendant "Quest Diagnostics" is not a proper party and, as such, must be dismissed.

### EIGHTH DEFENSE

As its eighth defense, the Defendants respond to the individually enumerated allegations of Plaintiff's Complaint as follows:

1.

For response to paragraph 1 of the Complaint, it is admitted that Defendant Covington is a resident of the State of Washington residing at 14626 Dogwood Lane,

Mt. Vernon, Washington.  The remaining allegations contained in this paragraph are denied, as stated.

2.

The allegations contained in paragraph 2 of the Complaint are denied.  By way of further response, "Quest Diagnostics" is an improper party.

3.

For response to paragraph 3 of the Complaint, it is admitted that Defendant Quest Diagnostics Clinical Laboratories, Inc. is a Delaware Corporation authorized to transact business in the State of Georgia.  All remaining allegations contained in this paragraph are denied.

4.

The allegations contained in paragraph 4 of the Complaint are denied.

5.

The allegations contained in paragraph 5 of the Complaint are generally admitted.

6.

The allegations contained in paragraph 6 of the Complaint are denied.

7.

The allegations contained in paragraph 7 of the Complaint are denied, as stated.

8.

The allegations contained in paragraph 8 of the Complaint are denied.

3

9.

The allegations contained in paragraph 9 of the Complaint are admitted.

10.

The allegations contained in paragraph 10 of the Complaint are denied.

11.

The allegations contained in paragraph 11 of the Complaint are denied.

12.

The allegations contained in paragraph 12 of the Complaint are denied.

13.

The allegations contained in paragraph 13 of the Complaint are denied.

14.

The allegations contained in paragraph 14 of the Complaint are denied.

15.

The allegations contained in paragraph 15 of the Complaint are denied.

16.

The allegations contained in paragraph 16 of the Complaint are denied.

17.

The allegations contained in paragraph 17 of the Complaint are denied.

18.

The allegations contained in paragraph 18 of the Complaint are denied.

19.

For response to paragraph 19 of the Complaint, it is denied that a specimen was sent for evaluation to Quest Diagnostics, an improper party. The Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, the remaining allegations can neither be admitted nor denied.

20.

For response to paragraph 20 of the Complaint, it is admitted that a tissue specimen identified as coming from Seth Jones was submitted upon requisition to Quest Diagnostics Clinical Laboratories, Inc. for evaluation. It is denied that a specimen was sent to Quest Diagnostics, an improper party. The Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, the remaining allegations can neither be admitted nor denied.

21.

For a response to paragraph 21 of the Complaint, the allegations are admitted as to Defendant Covington.  The remaining allegations are denied.

22.

The allegations contained in paragraph 22 of the Complaint are denied, as stated. In further response to this paragraph, the medical records and the entries contained thereon speak for themselves.

23.

The Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.

24.

The Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.

25.

The Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, this paragraph can neither be admitted nor denied.

26.

The allegations contained in paragraph 26 of the Complaint are denied.

27.

For a response to paragraph 27 of the Complaint, it is admitted that the affidavit of Darryl Oble, M.D. was attached to the Complaint.   All remaining allegations contained in this paragraph are denied.

28.

The allegations contained in paragraph 28 of the Complaint are denied.

29.

The allegations contained in paragraph 29 of the Complaint are denied.

30.

The allegations contained in paragraph 30 of the Complaint are denied.  It is also denied that the Plaintiffs are entitled to the relief prayed for as stated after paragraph 30 of the Complaint.

31.

Any allegation which is not specifically admitted herein is hereby denied.

WHEREFORE, having fully answered, Defendants STEVE M. COVINGTON, M.D., QUEST DIAGNOSTICS, and QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. demand judgment in their favor with costs cast against the Plaintiffs.

This 10th day of February, 2015.

Respectfully submitted,

CARLOCK, COPELAND & STAIR, LLP

By:  /s/  Wayne D. McGrew, III
     WAYNE D. MCGREW, III
     Georgia Bar No. 493216
     SPENCER A. BOMAR
     Georgia Bar No. 066405

     Attorneys for Defendants
     Steve M. Covington, M.D., Quest
     Diagnostics, and Quest Diagnostics
     Clinical Laboratories, Inc.

7

191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220
..........
P.O. Box 56887
Atlanta, Georgia  30343-0887

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

W. Carl Reynolds
Bradley J. Survant
Reynolds, Horne & Survant
P.O. Box 26610
Macon, Georgia  31221-6610

This 10th day of February, 2015.

/s/  Wayne D. McGrew, III
WAYNE D. MCGREW, III
Georgia Bar No. 967177
SPENCER A. BOMAR
Georgia Bar No. 066405
*Attorneys for Defendants*
*Steve M. Covington, M.D., Quest*
*Diagnostics, and Quest Diagnostics*
*Clinical Laboratories, Inc.*

Carlock, Copeland & Stair, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220
..........
P.O. Box 56887
Atlanta, Georgia  30343-0887

9

4977993v.1

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SETH JONES, A MINOR, BY NEXT )
FRIENDS NORMAN JONES, JR. )
AND LAURIE JONES, AND )
NORMAN JONES, JR. AND )
LAURIE JONES, INDIVIDUALLY, )
                              )
            Plaintiffs, )
v.                            )        Civil Action File No. 15A54257-7
                              )
STEVE M. COVINGTON, M.D.; )
QUEST DIAGNOSTICS; QUEST )
DIAGNOSTICS CLINICAL )
LABORATORIES, INC.; ABC )
PATHOLOGY GROUP; AND )
JOHN DOE, )
                              )
            Defendants. )

## TWELVE PERSON JURY DEMAND

COME NOW Defendants Steve M. Covington, M.D., Quest Diagnostics, and Quest Diagnostics Clinical Laboratories, Inc. and hereby demand a twelve person jury at the trial of this case.

This 10th day of February, 2015.

CARLOCK, COPELAND & STAIR, LLP

By:   /s/  Wayne D. McGrew, III
      WAYNE D. MCGREW, III
      Georgia Bar No. 493216
      SPENCER A. BOMAR
      Georgia Bar No. 066404
      *Attorneys for Defendants*
      *Steve M. Covington, M.D., Quest*
      *Diagnostics, and Quest Diagnostics*
      *Clinical Laboratories, Inc.*

191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220
..........
P.O. Box 56887
Atlanta, Georgia  30343-0887

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

W. Carl Reynolds
Bradley J. Survant
Reynolds, Horne & Survant
P.O. Box 26610
Macon, Georgia  31221-6610

This 10th day of February, 2015.

/s/  Wayne D. McGrew, III
WAYNE D. MCGREW, III
Georgia Bar No. 967177
SPENCER A. BOMAR
Georgia Bar No. 066404
*Attorneys for Defendants*
*Steve M. Covington, M.D., Quest*
*Diagnostics, and Quest Diagnostics*
*Clinical Laboratories, Inc.*

Carlock, Copeland & Stair, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303-1740
404-522-8220
..........
P.O. Box 56887
Atlanta, Georgia  30343-0887

3

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SETH JONES, A MINOR, BY NEXT
FRIENDS NORMAN JONES, JR. AND
LAURIE JONES, AND NORMAN JONES,
JR. AND LAURIE JONES, INDIVIDUALLY,

    Plaintiffs

    v.

STEVE M. COVINGTON, M.D; QUEST
DIAGNOSTICS; QUEST DIAGNOSTICS
CLINICAL LABORATORIES, INC; ABC
PATHOLOGY GROUP; and JOHN DOE,

    Defendants.

CIVIL ACTION NO. 15A54257-7

2015 JAN 13 AM 11:27

**PLAINTIFFS' FIRST INTERROGATORIES TO STEVE M. COVINGTON, M.D.**

Pursuant to O.C.G.A. § 9-11-33, Plaintiffs request that defendant answer these interrogatories, separately and individually, in writing, and under oath, as provided by law.

## INSTRUCTIONS

1.

You must exercise due diligence to secure full information to answer these interrogatories. After exercising due diligence, if you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

2.

If any information requested by these interrogatories is withheld under a claim of attorney/client privilege or work-product immunity, you must furnish a list specifying the basis on which the privilege or immunity is claimed, the general subject matter of the information and the interrogatory to which the information is responsive.

3.

These interrogatories are deemed to be continuing in accordance with the Georgia Civil



EXHIBIT
D

Practice Act requiring timely supplementation.

<u>DEFINITIONS</u>

1.

The word **"identify"** when used with respect to an individual, means that the answering party is required to state the name, age, employer, business and residence addresses and telephone numbers of the individual and provide a brief summary of the information to which they are expected to testify.

2.

The word **"identify"** when used with respect to a business, means that the answering party is required to state the full name, address, and telephone number of the business.

3.

The word **"identify"** when used with respect to a "document" means that the answering party is required to state with respect to each such document:

(a)     the title or other means of identification;
(b)     the date;
(c)     the author, including his or her name, address, telephone number and employer;
(d)     the recipient, including his or her name, address, telephone number, employer, and date of receipt;
(e)     the names, addresses, and telephone numbers of any and all persons who have custody or control of the document; and
(f)     the present location of the document.

4.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care, or control of defendant, its agents, attorneys, or any other person affiliated with defendant.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, email, text messages, video tapes, tape recordings, depositions, and answers to interrogatories.

5.

The word "person(s)" means all entities, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and local, municipal, county,

state, and federal government agencies.

## INTERROGATORY NO. 1

**Identify** every person whom you expect to call as an expert witness at trial, and state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

## INTERROGATORY NO. 2

For each expert identified in response to interrogatory No. 1, state the following:

a.      The expert's occupation and specialty.

b.      The expert's complete qualifications as stated in the expert's curriculum vitae or as otherwise made known to you.

c.      The number of years of experience the expert has had in his specialty.

d.      The services which the expert has been employed to perform.

e.      The agreement for the expert's remuneration.

f.      Whether the expert has ever been a witness in any other lawsuit, and, if so, for each lawsuit give the name of the suit, the kind of suit involved, the name of the court, the date of filing, and the name and address of the party for whom he gave evidence.

## INTERROGATORY NO. 3

**Identify** each person who has knowledge or information concerning this case other than those identified in Interrogatory 1 (including experts whom you have retained or specially employed but whom you do not expect to call as witnesses at trial), whether such knowledge or information

relates to the plaintiff's claim, the defendant's defenses, the credibility of any witness, or any other issue in this case; and state the nature of the information to which each person is expected to testify.

## INTERROGATORY NO. 4

If any of the witnesses you propose to use at the trial are related to the defendant or to each other, please state the nature of such relationship.

## INTERROGATORY NO. 5

Please **identify** all real, demonstrative, photographic or documentary evidence that is relevant to, or tends to support or contradict, any claim or defense involved in this case.

## INTERROGATORY NO. 6

Have you ever had a claim presented for any matter arising out of your medical practice? If so, for each claim state:

    a.    The date and place it was made.

    b.    The name and address of the person who made it.

    c.    The basis of the claim, indicating the type and extent of each injury claimed.

    d.    The outcome of it.

## INTERROGATORY NO. 7

If you have ever been a party to any legal proceeding, whether civil, administrative or criminal, other than the present one or any identified in response to Interrogatory 6, for each proceeding state:

    a.    The name of the proceeding.

b.      Your status therein.

c.      The kind of proceeding involved.

d.      The date it was filed.

e.      Whether there was a trial and, if so, the date and place of trial.

f.      The ultimate disposition of the case.

<u>INTERROGATORY NO. 8</u>

If you obtained any statements from any source relating to this action, for each statement:

a.      **Identify** the person who made it.

b.      **Identify** the person who obtained it.

c.      State the date and time it was obtained.

d.      State whether it was written, sound recorded, or oral, and, if written or sound recorded, the name and address of the person who has custody of it.

<u>INTERROGATORY NO. 9</u>

If you are covered by any policy of professional liability insurance for the occurrence complained of in this lawsuit, for each such policy, please state the following:

a.      The name and address of the insurer.

b.      The number of the policy.

c.      The effective dates of the policy.

d.      The limits of liability.

e.      The name and address of the custodian of the policy.

INTERROGATORY NO. 10

Please list and give a full detailed account of your education, background and experience in your profession from the time you were in college to the present time and include in your answer any and all efforts made by you since entering the medical profession as a licensed physician to continue your education and maintain a current and competent knowledge in your area of practice.

INTERROGATORY NO. 11

Have you ever been disciplined by any state board, hospital, medical society, or any other professional organization whether voluntary or compulsory?  If so, please give the name of the agency, organization, date and brief summary of said proceedings and results thereof.

INTERROGATORY NO. 12

Have you ever had your staff privileges at any hospital withdrawn for any reason?  If so, please give the name of the hospital, the date and a brief statement of the reason such action was taken and your defenses thereto, if you have any.

INTERROGATORY NO. 13

Please state your full name, age, place of birth, and present residence address.

INTERROGATORY NO. 14

Please list the name and address of each and every club, organization, corporation, agency or church in the county in which this action is filed, to which you were in any way connected as a member, office holder, or associated with in any capacity whatsoever, either now or formerly.

INTERROGATORY NO. 15

Please list the name, address, and occupation of all of your relatives living in the county in which this action is filed, related to you by blood or marriage regardless of degree.

INTERROGATORY NO. 16

Have you ever been convicted of any crime, either misdemeanor or felony, and if so, where and when?

INTERROGATORY NO. 17

Please state with particularity each and every defense that you or your attorneys intend to present on your behalf at the trial of this case not otherwise shown in the defensive pleadings, regardless of whether such defenses are legal, equitable, factual, negative, or affirmative.

INTERROGATORY NO. 18

Please **identify** by whom you were employed or any entity with whom you were contracted to provide professional services during the period of time you were treating Seth Jones.

INTERROGATORY NO. 19

By whom were you paid for the services you provided to Seth Jones?

INTERROGATORY NO. 20

Do you contend that any individual or entity not named as a party to this action was at fault in causing the injuries or damages about which the plaintiff complains and which are set forth in the complaint? **Please note that failure to fully respond to this interrogatory will be considered an admission that no such person exists and a representation that you will not attribute any blame to a non-party pursuant to O.C.G.A. § 51-12-33 or otherwise.**

INTERROGATORY NO. 21

If your answer to interrogatory number 20 is "yes," please state the name(s) of such individuals or entities.

INTERROGATORY NO. 22

If your answer to interrogatory number 20 is "yes," please state all facts upon which you rely to support your contention that those named in answer to interrogatory number 21 were at fault.

INTERROGATORY NO. 23

If your answer to interrogatory number 20 is "yes," please state the names and addresses of all witnesses with knowledge or opinions, or both, to support your contention that those named in answer to interrogatory number 21 were at fault in causing the injuries of Seth Jones.

INTERROGATORY NO. 24

If your answer to interrogatory number 20 is "yes", please state the percentage of fault you attribute to those named in answer to interrogatory number 21 and the factual basis for such apportionment.

W. CARL REYNOLDS
Ga. Bar No. 601900

BRADLEY J. SURVANT
Ga. Bar No. 692820

Reynolds, Horne & Survant
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SETH JONES, A MINOR, BY NEXT FRIENDS NORMAN JONES, JR. AND LAURIE JONES, AND NORMAN JONES, JR. AND LAURIE JONES, INDIVIDUALLY,<br><br>Plaintiffs<br><br>v.<br><br>STEVE M. COVINGTON, M.D; QUEST DIAGNOSTICS; QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC; ABC PATHOLOGY GROUP; and JOHN DOE,<br><br>Defendants. | CIVIL ACTION NO. *15A54257-7*<br><br> |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO STEVE M. COVINGTON, M.D.

Pursuant to O.C.G.A. § 9-11-34, Plaintiffs make the following Requests for Production of Documents to Defendant.

### INSTRUCTIONS

All items of tangible evidence requested for production shall be produced for the Plaintiffs' inspection and copying as provided by law. The production shall take place at the Macon office of Reynolds, Horne & Survant, 6320 Peake Road, Macon, GA 31210.

### DEFINITION

The following definition applies to each paragraph of this Request for Production of Documents and is deemed to be incorporated therein:

1.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care or control of defendant, its agents, attorneys, or any other person affiliated with plaintiff. The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies,



**EXHIBIT**

*E*

print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, email, text messages, electronic transmissions tape recordings, depositions, and answers to interrogatories.

1.

A certified copy of each medical chart, narrative, record, report or other document (doctor or hospital records) pertaining to Seth Jones made during the course of your professional relationship with Seth Jones. [This request is ongoing on encompasses all periods of time for which you have provided medical treatment to Seth Jones.]

2.

A fully itemized billing statement showing charges for professional services rendered to Seth Jones. [This request is ongoing on encompasses all periods of time for which you have provided medical treatment to Seth Jones.]

3.

A copy of any and all statements previously made by Seth Jones or any of his family members concerning the occurrence in question, including any written statement signed or otherwise adopted or approved by Seth Jones or his parents, and any stenographic, mechanical, electrical, or other such recording, or any transcription thereof.

4.

A copy of any insurance agreement under which any insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  This request embraces all policies of insurance, including primary, excess or umbrella coverage, and any and all policies of insurance in which the Defendant

is named as a coinsured or also-insured.

5.

A copy of any letter concerning any reservation of rights under which this case is being defended.

6.

Any and all photographs taken or directed to be taken by the Defendant, in the course of, or subsequent to, your treatment and professional relationship with Seth Jones.

7.

Any and all drawings, diagrams, models, sketches, slides or videotapes, which pertain to the occurrence in question.

8.

A copy of any letter, memorandum, or document relating to any settlement agreement with any individual entity, defendant or potential party arising out of the occurrence in question.

9.

A copy of your most current resume or curriculum vitae and that of any expert you expect to call as a witness at the trial of this matter.

10.

A copy of your current medical license.

11.

Any and all reports which have been obtained from any expert who may be called to testify, and if a report has not been prepared, the preparation of such a report is hereby requested.

12.

Any and all personnel records of employees listed in answers to discovery as persons having knowledge of relevant facts, including but not limited to applications for employment, appraisal reports, and time sheets for the period in question.

13.

Copies of all documents, records or other writings or tangible things relied upon or consulted or referred to in connection with preparing these answers.

14.

Any and all reports, papers, records, statistics, literature, or other documents upon which any of your expert witnesses will base his or her opinion.

15.

A list, to include author and date of publication, of all medical textbooks, journals, periodicals and medical reference books of any kind owned by you and kept at either your home or office.   Please state a convenient time these can be inspected in your office.

16.

A list of all medical journals or other medical publications subscribed to by you.

17.

All grievances, complaints and suits filed against you involving your practice of medicine.

18.

All licenses pertaining to your practice of medicine in this and all other states in which you are now or have ever been admitted to practice.

19.

All documents relating to every hospital in which you have ever been permitted to practice or held any type of staff privileges and which has ever been revoked, forfeited or accepted your resignation from practice or staff privileges.

20.

Any and all brochures, advertisements, promotional materials, patient information bulletins or the like for 2013.

21.

A copy of any surveillance movies, videotape, photographs, or films of Seth Jones.

22.

All records or documents submitted by you or on your behalf to any hospital or peer review committee in connection with or relevant to the occurrence in question.

23.

A copy of any investigation conducted by you or on your behalf in connection with the occurrence in question that was not done in anticipation of litigation.

24.

A copy of any contract of employment or agreement to perform professional services that was in effect with any entity during the period of time you were treating Seth Jones.

25.

A copy of the entire business file for Seth Jones including but not limited to:

(A) New patient information form

(B) Insurance information

(C) Health insurance claim forms

(D) Correspondence to or from insurance companies

(E) Any correspondence regarding billing



W. CARL REYNOLDS
Ga. Bar No. 601900


BRADLEY J. SURVANT
Ga. Bar No. 692820

Reynolds, Horne & Survant
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SETH JONES, A MINOR, BY NEXT
FRIENDS NORMAN JONES, JR. AND
LAURIE JONES, AND NORMAN JONES,
JR. AND LAURIE JONES, INDIVIDUALLY,

      Plaintiffs

      v.

STEVE M. COVINGTON, M.D; QUEST
DIAGNOSTICS; QUEST DIAGNOSTICS
CLINICAL LABORATORIES, INC; ABC
PATHOLOGY GROUP; and JOHN DOE,

      Defendants.

CIVIL ACTION NO. 15A54252-7

2015 JAN 13 AM 11:20

## PLAINTIFFS' FIRST INTERROGATORIES TO QUEST DIAGNOSTICS

Pursuant to O.C.G.A. § 9-11-33, plaintiffs request that defendant answer these interrogatories, separately and individually, in writing, and under oath, as provided by law.

INSTRUCTIONS

1.

You must exercise due diligence to secure full information to answer these interrogatories. After exercising due diligence, if you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

2.

If any information requested by these interrogatories is withheld under a claim of attorney/client privilege or work-product immunity, you must furnish a list specifying the basis on



EXHIBIT
F

which the privilege or immunity is claimed, the general subject matter of the information and the interrogatory to which the information is responsive.

3.

These interrogatories are deemed to be continuing in accordance with the Georgia Civil Practice Act requiring timely supplementation.

DEFINITIONS

1.

The word "**identify**" when used with respect to an individual, means that the answering party is required to state the name, age, employer, business and residence addresses and telephone numbers of the individual.

2.

The word "**identify**" when used with respect to a business, means that the answering party is required to state the full name, address, and telephone number of the business.

3.

The word "**identify**" when used with respect to a "document" means that the answering party is required to state with respect to each such document:

     (a)     the title or other means of identification;

     (b)     the date;

     (c)     the author, including his or her name, address, telephone number and employer;

     (d)     the recipient, including his or her name, address, telephone number, employer, and date of receipt;

     (e)     the names, addresses, and telephone numbers of any and all persons who have custody

or control of the document; and

      (f)     the present location of the document.

4.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care, or control of defendant, its agents, attorneys, or any other person affiliated with defendant.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.

5.

The word "person(s)" means all entities, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and local, municipal, county, state, and federal government agencies.

INTERROGATORY NO. 1

If you claim that you are not properly designated herein, state your proper name; and, if you are incorporated, the state in which you are incorporated.

INTERROGATORY NO. 2

If you assert that you are not vicariously liable for the actions of the named defendants, state the basis for that assertion and provide the proper name of every person, corporation, firm or other entity known to you which is or may be vicariously liable for the negligence alleged in the

Complaint.

### INTERROGATORY NO. 3

If you contend that this Court does not have jurisdiction over you, or it is not the proper venue for this action, state every fact on which you rely in support of that contention.

### INTERROGATORY NO. 4

**Identify** every person whom you expect to call as an expert witness at trial, and state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

### INTERROGATORY NO. 5

For each expert identified in response to Interrogatory No. 4, state the following:

    a.    the expert's occupation and specialty;

    b.    the expert's complete qualifications as stated in the expert's curriculum vitae or as otherwise made known to you;

    c.    the number of years of experience the expert has had in his specialty;

    d.    the services which the expert has been employed to perform;

    e.    the agreement for the expert's remuneration; and

    f.    whether the expert has ever been a witness in any other lawsuit, and, if so, for each

lawsuit give the name of the suit, the kind of suit involved, the name of the court, the date of filing, and the name and address of the party for whom he gave evidence.

### INTERROGATORY NO. 6

**Identify** each person who has knowledge or information concerning this case other than those identified in Interrogatory 4 (including experts whom you have retained or specially employed but whom you do not expect to call as witnesses at trial), whether such knowledge or information

relates to the plaintiffs' claim, the defendant's defenses, the credibility of any witness, or any other issue in this case.

### INTERROGATORY NO. 7

If any of the witnesses you propose to use at the trial are related to any defendant or to each other, please state the nature of such relationship.

### INTERROGATORY NO. 8

Please **identify** all real, demonstrative, photographic or documentary evidence that is relevant to, or tends to support or contradict, any claim or defense involved in this case.

### INTERROGATORY NO. 9

If you obtained any statements from any source relating to this action, for each statement:

a.   **identify** the person who made it;

b.   **identify** the person who obtained it;

c.   state the date and time it was obtained; and

d.   state whether it was written, sound recorded, or oral, and, if written or sound recorded, the name and address of the person who has custody of it.

### INTERROGATORY NO. 10

If you are covered by any policy of professional liability insurance for the occurrence complained of in this lawsuit, for each such policy, please state the following:

a.   the name and address of the insurer;

b.   the number of the policy;

c.   the effective dates of the policy;

d.   the limits of liability; and

e.   the name and address of the custodian of the policy.

## INTERROGATORY NO.11

Has defendant ever had a claim against it for any matter arising out of patient care? If so, for each claim state:

    a.    the date and place it was made;

    b.    the name and address of the person who made it;

    c.    the basis of the claim, indicating the type and extent of each injury claimed;

    d.    the outcome of it.

    e.    if a lawsuit was filed, please provide the court in which it was filed and the civil

        action number

## INTERROGATORY NO.12

Has defendant ever been a party to any legal proceeding, whether civil, administrative or criminal, other than the present one or any identified in response to the previous interrogatory, for each proceeding state:

    a.    The name of the proceeding.

    b.    Defendant's status therein.

    c.    The kind of proceeding involved.

    d.    The date it was filed.

    e.    Whether there was a trial and, if so, the date and place of trial.

    f.    The ultimate disposition of the case.

## INTERROGATORY NO. 13

Do you contend that any individual or entity not named as a party to this action was at fault in causing the injuries or damages about which the plaintiff complains and which are set forth in the complaint? **Please note that failure to fully respond to this interrogatory will be**

considered an admission that no such person exists and a representation that you will not attribute any blame to a non-party pursuant to O.C.G.A. § 51-12-33 or otherwise.

INTERROGATORY NO. 14

If your answer to interrogatory number 13 is "yes," please state the name(s) of such individuals or entities.

INTERROGATORY NO. 15

If your answer to interrogatory number 13 is "yes," please state all facts upon which you rely to support your contention that those named in answer to interrogatory number 14 were at fault.

INTERROGATORY NO. 16

If your answer to interrogatory number 13 is "yes," please state the names and addresses of all witnesses with knowledge or opinions, or both, to support your contention that those named in answer to interrogatory number 14 were at fault in causing the plaintiff's injuries and damages.

INTERROGATORY NO. 17

If your answer to interrogatory number 13 is "yes," please state the percentage of fault you attribute to those named in answer to interrogatory number 13 and the factual basis for such apportionment.

W. CARL REYNOLDS
Ga. Bar No. 601900

BRADLEY J. SURVANT
Ga. Bar No. 692820

Reynolds, Horne & Survant
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SETH JONES, A MINOR, BY NEXT
FRIENDS NORMAN JONES, JR. AND
LAURIE JONES, AND NORMAN JONES,
JR. AND LAURIE JONES, INDIVIDUALLY,

Plaintiffs

v.

STEVE M. COVINGTON, M.D; QUEST
DIAGNOSTICS; QUEST DIAGNOSTICS
CLINICAL LABORATORIES, INC; ABC
PATHOLOGY GROUP; and JOHN DOE,

Defendants.

CIVIL ACTION NO. 15A54257-7

2015 Jan 13 AM11:28

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO QUEST DIAGNOSTICS

Pursuant to O.C.G.A. § 9-11-34, Plaintiffs make the following Requests for Production of Documents.

### INSTRUCTIONS

All items of tangible evidence requested for production shall be produced for the Plaintiffs' inspection and copying as provided by law.  The production shall take place at the Macon office of Reynolds, Horne & Survant, 6320 Peake Road, Macon, Georgia 31221.

### DEFINITION

The following definition applies to each paragraph of this Request for Production of Documents and is deemed to be incorporated therein:



EXHIBIT
G

1.


The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care or control of defendant, its agents, attorneys, or any other person affiliated with plaintiff.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, email, electronic communications of any type, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.


1.

A certified copy of each medical chart, narrative, record, report or other document (doctor or hospital records) pertaining to Seth Jones made during the course of your professional relationship with Seth Jones.

2.

A fully itemized billing statement showing charges for professional services rendered to Seth Jones during the period in question.

3.

A copy of any and all statements previously made by the Plaintiff or any family member concerning the occurrence in question, including any written statement signed or otherwise adopted or approved by Plaintiff or any family member and any stenographic, mechanical, electrical, or other

such recording, or any transcription thereof.

4.

A copy of any insurance agreement under which any insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. This request embraces all policies of insurance, including primary, excess or umbrella coverage, and any and all policies of insurance in which the Defendant is named as a coinsured or also-insured.

5.

A copy of any letter concerning any reservation of rights under which this case is being defended.

6.

Any and all photographs taken or directed to be taken by the Defendant, in the course of, or subsequent to, your treatment and professional relationship with Seth Jones.

7.

Any and all drawings, diagrams, models, sketches, slides or videotapes, which pertain to the occurrence in question.

8.

A copy of any letter, memorandum, or document relating to any settlement agreement with any individual entity, defendant or potential party arising out of the occurrence in question.

9.

A copy of the curriculum vitae of any expert you expect to call as a witness at the trial of this matter.

10.

Any and all experts' reports which have been obtained from any expert who may be called to testify, and if a report has not been prepared, the preparation of such a report is hereby requested.

11.

Any and all personnel records of employees listed in answers to discovery as persons having knowledge of relevant facts, including but not limited to applications for employment, appraisal reports, and time sheets for the period in question.

12.

Copies of all documents, records or other writings or tangible things relied upon or consulted or referred to in connection with preparing these answers.

13.

Any and all reports, papers, records, statistics, literature, or other documents upon which any of your expert witnesses will base his or her opinion.

14.

Any and all brochures, advertisements, promotional materials, patient information bulletins or similar materials distributed in 2013.

15.

A copy of any surveillance movies, videotape, photographs, or films of Seth Jones.

16.

All records or documents submitted by you or on your behalf to any hospital or peer review committee in connection with or relevant to the occurrence in question.

17.

A copy of any investigation conducted by you or on your behalf in connection with the

occurrence in question that was not done in anticipation of litigation.

18.

A copy of the entire business file for Seth Jones including but not limited to:

(A) New patient information form

(B) Insurance information

(C) Health insurance claim forms

(D) Correspondence to or from insurance companies

(E) Any correspondence regarding billing

19.

A copy of any contract between you and any physician regarding the provision of medical

care at your facility.  Private information regarding salary may be redacted.

20.

A copy of your business license.

W. CARL REYNOLDS
Ga. Bar No. 601900

BRADLEY J. SURVANT
Ga. Bar No. 692820

Reynolds, Horne & Survant
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SETH JONES, A MINOR, BY NEXT
FRIENDS NORMAN JONES, JR. AND
LAURIE JONES, AND NORMAN JONES,
JR. AND LAURIE JONES, INDIVIDUALLY,

    Plaintiffs

    v.

STEVE M. COVINGTON, M.D; QUEST
DIAGNOSTICS; QUEST DIAGNOSTICS
CLINICAL LABORATORIES, INC; ABC
PATHOLOGY GROUP; and JOHN DOE,

    Defendants.

CIVIL ACTION NO. *15A54257-7*

## PLAINTIFFS' FIRST INTERROGATORIES TO QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

Pursuant to O.C.G.A. § 9-11-33, plaintiffs request that defendant answer these interrogatories, separately and individually, in writing, and under oath, as provided by law.

INSTRUCTIONS

1.

You must exercise due diligence to secure full information to answer these interrogatories. After exercising due diligence, if you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

2.

If any information requested by these interrogatories is withheld under a claim of



EXHIBIT
H

attorney/client privilege or work-product immunity, you must furnish a list specifying the basis on which the privilege or immunity is claimed, the general subject matter of the information and the interrogatory to which the information is responsive.

3.

These interrogatories are deemed to be continuing in accordance with the Georgia Civil Practice Act requiring timely supplementation.

DEFINITIONS

1.

The word "**identify**" when used with respect to an individual, means that the answering party is required to state the name, age, employer, business and residence addresses and telephone numbers of the individual.

2.

The word "**identify**" when used with respect to a business, means that the answering party is required to state the full name, address, and telephone number of the business.

3.

The word "**identify**" when used with respect to a "document" means that the answering party is required to state with respect to each such document:

(a)     the title or other means of identification;

(b)     the date;

(c)     the author, including his or her name, address, telephone number and employer;

(d)     the recipient, including his or her name, address, telephone number, employer, and date of receipt;

(e)     the names, addresses, and telephone numbers of any and all persons who have custody or control of the document; and

(f)     the present location of the document.

4.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care, or control of defendant, its agents, attorneys, or any other person affiliated with defendant. The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.

5.

The word "person(s)" means all entities, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and local, municipal, county, state, and federal government agencies.

INTERROGATORY NO. 1

If you claim that you are not properly designated herein, state your proper name; and, if you are incorporated, the state in which you are incorporated.

INTERROGATORY NO. 2

If you assert that you are not vicariously liable for the actions of the named defendants, state the basis for that assertion and provide the proper name of every person, corporation, firm or other

entity known to you which is or may be vicariously liable for the negligence alleged in the Complaint.

## INTERROGATORY NO. 3

If you contend that this Court does not have jurisdiction over you, or it is not the proper venue for this action, state every fact on which you rely in support of that contention.

## INTERROGATORY NO. 4

**Identify** every person whom you expect to call as an expert witness at trial, and state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

## INTERROGATORY NO. 5

For each expert identified in response to Interrogatory No. 4, state the following:

a.   the expert's occupation and specialty;

b.   the expert's complete qualifications as stated in the expert's curriculum vitae or as otherwise made known to you;

c.   the number of years of experience the expert has had in his specialty;

d.   the services which the expert has been employed to perform;

e.   the agreement for the expert's remuneration; and

f.   whether the expert has ever been a witness in any other lawsuit, and, if so, for each lawsuit give the name of the suit, the kind of suit involved, the name of the court, the date of filing, and the name and address of the party for whom he gave evidence.

## INTERROGATORY NO. 6

**Identify** each person who has knowledge or information concerning this case other than those identified in Interrogatory 4 (including experts whom you have retained or specially employed

but whom you do not expect to call as witnesses at trial), whether such knowledge or information relates to the plaintiffs' claim, the defendant's defenses, the credibility of any witness, or any other issue in this case.

### INTERROGATORY NO. 7

If any of the witnesses you propose to use at the trial are related to any defendant or to each other, please state the nature of such relationship.

### INTERROGATORY NO. 8

Please **identify** all real, demonstrative, photographic or documentary evidence that is relevant to, or tends to support or contradict, any claim or defense involved in this case.

### INTERROGATORY NO. 9

If you obtained any statements from any source relating to this action, for each statement:

a.  **identify** the person who made it;

b.  **identify** the person who obtained it;

c.  state the date and time it was obtained; and

d.  state whether it was written, sound recorded, or oral, and, if written or sound recorded, the name and address of the person who has custody of it.

### INTERROGATORY NO. 10

If you are covered by any policy of professional liability insurance for the occurrence complained of in this lawsuit, for each such policy, please state the following:

a.  the name and address of the insurer;

b.  the number of the policy;

c.  the effective dates of the policy;

d.  the limits of liability; and

e.   the name and address of the custodian of the policy.

## INTERROGATORY NO.11

Has defendant ever had a claim against it for any matter arising out of patient care? If so, for each claim state:

a.   the date and place it was made;

b.   the name and address of the person who made it;

c.   the basis of the claim, indicating the type and extent of each injury claimed;

d.   the outcome of it.

e.   if a lawsuit was filed, please provide the court in which it was filed and the civil action number

## INTERROGATORY NO.12

Has defendant ever been a party to any legal proceeding, whether civil, administrative or criminal, other than the present one or any identified in response to the previous interrogatory, for each proceeding state:

a.   The name of the proceeding.

b.   Defendant's status therein.

c.   The kind of proceeding involved.

d.   The date it was filed.

e.   Whether there was a trial and, if so, the date and place of trial.

f.   The ultimate disposition of the case.

## INTERROGATORY NO. 13

Do you contend that any individual or entity not named as a party to this action was at fault in causing the injuries or damages about which the plaintiff complains and which are set forth

in the complaint?  **Please note that failure to fully respond to this interrogatory will be considered an admission that no such person exists and a representation that you will not attribute any blame to a non-party pursuant to O.C.G.A. § 51-12-33 or otherwise.**

<u>INTERROGATORY NO. 14</u>

If your answer to interrogatory number 13 is "yes," please state the name(s) of such individuals or entities.

<u>INTERROGATORY NO. 15</u>

If your answer to interrogatory number 13 is "yes," please state all facts upon which you rely to support your contention that those named in answer to interrogatory number 14 were at fault.

<u>INTERROGATORY NO. 16</u>

If your answer to interrogatory number 13 is "yes," please state the names and addresses of all witnesses with knowledge or opinions, or both, to support your contention that those named in answer to interrogatory number 14 were at fault in causing the plaintiff's injuries and damages.

<u>INTERROGATORY NO. 17</u>

If your answer to interrogatory number 13 is "yes," please state the percentage of fault you attribute to those named in answer to interrogatory number 13 and the factual basis for such apportionment.

W. CARL REYNOLDS
Ga. Bar No. 601900

BRADLEY J. SURVANT
Ga. Bar No. 692820

Reynolds, Horne & Survant
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SETH JONES, A MINOR, BY NEXT
FRIENDS NORMAN JONES, JR. AND
LAURIE JONES, AND NORMAN JONES,
JR. AND LAURIE JONES, INDIVIDUALLY,

     Plaintiffs

     v.

STEVE M. COVINGTON, M.D; QUEST
DIAGNOSTICS; QUEST DIAGNOSTICS
CLINICAL LABORATORIES, INC; ABC
PATHOLOGY GROUP; and JOHN DOE,

     Defendants.

CIVIL ACTION NO. 15A54257-7

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

Pursuant to O.C.G.A. § 9-11-34, Plaintiffs make the following Requests for Production of Documents.

### INSTRUCTIONS

All items of tangible evidence requested for production shall be produced for the Plaintiffs' inspection and copying as provided by law. The production shall take place at the Macon office of Reynolds, Horne & Survant, 6320 Peake Road, Macon, Georgia 31221.

### DEFINITION

The following definition applies to each paragraph of this Request for Production of Documents and is deemed to be incorporated therein:



EXHIBIT
I

1.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care or control of defendant, its agents, attorneys, or any other person affiliated with plaintiff. The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, email, electronic communications of any type, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.

1.

A certified copy of each medical chart, narrative, record, report or other document (doctor or hospital records) pertaining to Seth Jones made during the course of your professional relationship with Seth Jones.

2.

A fully itemized billing statement showing charges for professional services rendered to Seth Jones during the period in question.

3.

A copy of any and all statements previously made by the Plaintiff or any family member concerning the occurrence in question, including any written statement signed or otherwise adopted or approved by Plaintiff or any family member and any stenographic, mechanical, electrical, or other

such recording, or any transcription thereof.

4.

A copy of any insurance agreement under which any insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  This request embraces all policies of insurance, including primary, excess or umbrella coverage, and any and all policies of insurance in which the Defendant is named as a coinsured or also-insured.

5.

A copy of any letter concerning any reservation of rights under which this case is being defended.

6.

Any and all photographs taken or directed to be taken by the Defendant, in the course of, or subsequent to, your treatment and professional relationship with Seth Jones.

7.

Any and all drawings, diagrams, models, sketches, slides or videotapes, which pertain to the occurrence in question.

8.

A copy of any letter, memorandum, or document relating to any settlement agreement with any individual entity, defendant or potential party arising out of the occurrence in question.

9.

A copy of the curriculum vitae of any expert you expect to call as a witness at the trial of this matter.

10.

Any and all experts' reports which have been obtained from any expert who may be called to testify, and if a report has not been prepared, the preparation of such a report is hereby requested.

11.

Any and all personnel records of employees listed in answers to discovery as persons having knowledge of relevant facts, including but not limited to applications for employment, appraisal reports, and time sheets for the period in question.

12.

Copies of all documents, records or other writings or tangible things relied upon or consulted or referred to in connection with preparing these answers.

13.

Any and all reports, papers, records, statistics, literature, or other documents upon which any of your expert witnesses will base his or her opinion.

14.

Any and all brochures, advertisements, promotional materials, patient information bulletins or similar materials distributed in 2013.

15.

A copy of any surveillance movies, videotape, photographs, or films of Seth Jones.

16.

All records or documents submitted by you or on your behalf to any hospital or peer review committee in connection with or relevant to the occurrence in question.

17.

A copy of any investigation conducted by you or on your behalf in connection with the

occurrence in question that was not done in anticipation of litigation.

18.

A copy of the entire business file for Seth Jones including but not limited to:

(A) New patient information form

(B) Insurance information

(C) Health insurance claim forms

(D) Correspondence to or from insurance companies

(E) Any correspondence regarding billing

19.

A copy of any contract between you and any physician regarding the provision of medical

care at your facility.  Private information regarding salary may be redacted.

20.

A copy of your business license.


W. CARL REYNOLDS
Ga. Bar No. 601900


BRADLEY J. SURVANT
Ga. Bar No. 692820

Reynolds, Horne & Survant
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SETH JONES, A MINOR, BY NEXT
FRIENDS NORMAN JONES, JR. AND
LAURIE JONES, AND NORMAN JONES,
JR. AND LAURIE JONES, INDIVIDUALLY,

    Plaintiffs

    v.

STEVE M. COVINGTON, M.D; QUEST
DIAGNOSTICS; QUEST DIAGNOSTICS
CLINICAL LABORATORIES, INC; ABC
PATHOLOGY GROUP; and JOHN DOE,

    Defendants.

CIVIL ACTION NO. 15A54257-7

---

### NOTICE OF DEPOSITION OF STEVE M. COVINGTON

YOU ARE HEREBY NOTIFIED that on February 26, 2015, at 10:00, at the law office of Reynolds, Horne & Survant in Macon, GA, attorneys for the Plaintiffs will proceed to take the deposition of **Steve M. Covington, M.D.**, for all purposes allowed by law before an authorized court reporter and notary public or other individual duly qualified by law to take the said deposition and said deposition to continue from day to day until completed.

The deponent is instructed and required to bring with him those documents and materials described below:

1.     The original of all files maintained in your office for your patient, Seth Jones, to include new patient information form, all radiology films, reports from other physicians, insurance forms, billing records, and any and all other materials relevant to his care;

2.     An up-to-date copy of your curriculum vitae;



EXHIBIT

5

3.      A list of any cases in which you have been either a plaintiff or defendant or expert

witness. This list should include the name of the proceeding, your status therein, the

kind of proceeding involved, the date it was filed, the court in which it was filed,

whether there was a trial and, if so, the date and place of the trial and the ultimate

disposition of the case;

4.      Transcripts of any deposition testimony you have given in any case involving you as

a plaintiff, defendant, or expert witness;

5.      A list, to include author and date of publication, of all medical textbooks, journals,

periodicals and medical reference books of any kind owned by you and kept at either

your home or office;

6.      A list of all medical journals or other medical publications subscribed to by you; and

7.      A copy of all insurance policies which may provide coverage for this claim, to

include primary, excess or umbrella coverage;

This deposition is being taken for use at trial, for use as evidence and for such other uses and

purposes as are permitted under the Georgia Civil Practice Act.

Respectfully submitted this __13__ day of January, 2015.


W. CARL REYNOLDS
Ga. Bar No. 601900


BRADLEY J. SURVANT
Ga. Bar No. 692820

Reynolds, Horne & Survant
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SETH JONES, A MINOR, BY NEXT FRIENDS NORMAN JONES, JR. AND LAURIE JONES, AND NORMAN JONES, JR. AND LAURIE JONES, INDIVIDUALLY, | CIVIL ACTION NO. 15A54257·7 |
| Plaintiffs | |
| v. |  |
| STEVE M. COVINGTON, M.D; QUEST DIAGNOSTICS; QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC; ABC PATHOLOGY GROUP; and JOHN DOE, | |
| Defendants. | |

## CERTIFICATE OF SERVICE AND NOTICE OF FILING OF DISCOVERY MATERIAL

COME NOW, Seth Jones, a minor, by next friends Norman Jones, Jr. And Laurie Jones, Plaintiffs in the above-referenced case, and pursuant to the local rules of this court, show that on January __13__, 2015, they filed with the Complaint this Notice and served upon defendants the following:

1.   PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT STEVE M. COVINGTON, M.D.;

2.   PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT STEVE M. COVINGTON, M.D.;

3.   PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT QUEST DIAGNOSTICS;

4.   PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT QUEST



EXHIBIT
K

DIAGNOSTICS;

5.    PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.;

6.    PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; and

7.    NOTICE OF DEPOSITION OF STEVE M. COVINGTON, M.D.


_____
W. CARL REYNOLDS
Ga. Bar No. 601900


_____
BRADLEY J. SURVANT
Ga. Bar No. 692820

Reynolds, Horne & Survant
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300