IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SETH JONES, a minor, by next friends Norman Jones, Jr. and Laurie Jones, NORMAN JONES, JR., Individually, and LAURIE JONES, Individually.<br><br>                              Plaintiffs,<br><br>   v.<br><br>STEVE M. COVINGTON, M.D., QUEST DIAGNOSTICS, QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., ABC PATHOLOGY GROUP, and JOHN DOE,<br><br>                              Defendants. | 1:15-cv-396-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Seth Jones, Norman Jones, Jr., and Laurie Jones's ("Plaintiffs") Motion to Compel [39]. On February 10, 2015, Plaintiffs removed this medical malpractice action to federal district court. (Notice of Removal [1]). Plaintiffs allege that, on January 22, 2013, Defendant Steve M. Covington, M.D. misread a pathological slide (the "2013 Slide") containing tissue samples of fifteen-year-old Seth Jones, and concluded that the lesion he evaluated represented a benign mole. (Mot. to Compel at 1-2). Plaintiffs allege Dr.

Covington's read of the slide was incorrect, and that there were indicia of melanoma present on the 2013 Slide. (Id. at 2). On July 18, 2015, Seth Jones succumbed to melanoma. (Id.).

On June 10, 2015, Dr. Covington was deposed. Plaintiffs state that, initially, "the notice of deposition located the deposition at Quest Diagnostics' lab—the same lab in which Dr. Covington initially reviewed the slide." (Id.). "Plaintiffs' counsel chose this locale so when Dr. Covington was asked to read the [2013 S]lide for a second time, the circumstances of his evaluation would be as close as possible to those existing at the time of his initial exam." (Id.). Plaintiffs claim that, before the deposition, Defendants told Plaintiffs that they would not permit Dr. Covington to re-read the 2013 Slide. (Id.). "As a result, Dr. Covington's deposition was taken at the office of defense counsel," and Dr. Covington did not re-read the slide.

On August 19, 2015, Plaintiffs filed their Motion to Compel, seeking to compel Dr. Covington to re-read the 2013 Slide and provide deposition testimony pertaining to the slide reexamination.[1] Plaintiffs specifically seek to have Dr.

---

[1] The Court admonishes Plaintiffs that their Motion to Compel appears to be in violation of this Court's Standing Order 10, which "requires the parties to

2

Covington re-read the 2013 Slide "in the same lab and under the same circumstances as he looked at the slide initially . . . and answer questions about his second viewing." (Id. at 4).

Motions to compel disclosures and other discovery under Federal Rule of Civil Procedure 37(a) are committed to the sound discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained unless an appellate court finds the trial court abused its discretion, resulting in "substantial harm to the party seeking relief." Arabian Am. Oil Co. v. Scarfone, 939 F.2d 1472, 1477 (11th Cir. 1991). Rule 26(b) provides in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Although the scope of discovery is broad, it is not without limits. See Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992).

---

submit their discovery disputes to the Court before formal motions to compel . . . are filed." The Court has no record of the parties submitting this discovery dispute to the Court prior to Plaintiffs' filing of the Motion to Compel. Any future discovery dispute must be brought to the Court's attention prior to the filing of a motion to compel.

3

Plaintiffs certainly are entitled to question Dr. Covington on his examination of the 2013 Slide. That is, a party is entitled to discovery of the facts in a case. Plaintiffs, here, contend they are entitled to require Defendants to precisely recreate all of the same conditions under which Dr. Covington read the 2013 Slide and then engage in an examination to create new facts—the results of the requested reexamination—and then depose Dr. Covington on these new facts. The request, while interesting, is inappropriate. Plaintiffs are entitled to seek to show that Dr. Covington's conduct fell below the standard against which Plaintiffs contend Dr. Covington's conduct is required to be evaluated. Discovery is allowed about facts in existence; it is not to require a party to engage in conduct to create new facts so they may then be "discovered."[2] Plaintiffs do not offer any case law to support their request to compel a fact witness to perform a recreation of a defendant's conduct that is at the center of a civil action.[3]

---

[2] Defendants' citation to Lavelle v. Lab. Corp. of Am., 755 S.E.2d 595 (2014), is not relevant, because a Georgia court's application of Georgia discovery rules is neither binding on nor persuasive to the Court. The Federal Rules of Civil Procedure govern civil actions in federal court, including actions removed from state court. Fed. R. Civ. P. 81(c)(1).

[3] The Eleventh Circuit has not addressed the issue of reenactments or demonstrations during depositions. Plaintiffs' citation to Adams v. Lab. Corp. of Am., 760 F.3d 1322 (11th Cir. 2014) is not relevant, because the Eleventh Circuit

4

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs Seth Jones, Norman Jones, Jr., and Laurie Jones's Motion to Compel [39] is **DENIED**.[4]

**SO ORDERED** this 30th day of November, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

addressed a Daubert challenge in that case. Dr. Covington is not an expert witness in this matter, admissibility of an expert's opinion is not at issue, and Adams does not apply.

Some courts have allowed videotaped reenactments during depositions in cases involving industrial accidents or manufacturing defects. See Howard v. Michalek, 249 F.R.D. 288, 289-90 (N.D. Ill. 2008) (citing cases). As the court in Howard noted, "this case does not involve an industrial accident or seek damages in products liability." Id. at 290. The Court agrees with the conclusion reached by the court in Howard that, "[i]n the absence of any specific direction from courts in this jurisdiction, the [C]ourt declines to allow the requested reenactment/demonstration." Id.

[4] Plaintiffs further request that Dr. Covington be precluded from offering an expert opinion, presumably on the manner of his examination and findings based on the 2013 Slide. This request is denied without prejudice to Plaintiffs moving to preclude an expert opinion if Defendants seek to offer one.

5